May Term,
1825.

THOMPSON
v.
WILSON.

## WILSON and Others *v.* LILLY, Auditor.

Suit by the auditor of public accounts, against a collector of taxes and his sureties, by notice and motion: *Held*, that the notice, in such case, should contain a description of the defendants' bond.

*Saturday,*
*May 14.*

ERROR to the *Fayette* Circuit Court.

HOLMAN, J.—Judgment on motion in favour of *Lilly*, auditor of public accounts, against *Wilson*, sheriff and collector of *Fayette* county, and *Crisler*, *Vincent*, and *Conner*, his sureties. The notice is defective. It does not set forth nor even refer to the bond by which alone the sureties could become liable. The case therefore comes directly within the principle established in the cases of *Dawson* v. *Shaver et al.* and *Lemon et al.* v. *Hay*, *Nov.* term, 1822; which were both reversed, because the notices did not set forth nor describe the bonds, by which alone the sureties could be charged (1). The act of assembly under which this motion was made, is not, in this particular, materially variant from the acts by which those cases were regulated. The decision must therefore be the same.

*Per Curiam.*—The judgment is reversed with costs.

*Lane* and *M'Kinney*, for the plaintiffs.

*Smith*, for the defendant.

(1) Ante, pp. 204, 227. *Wilson* himself was liable independently of the bond. The common law remedy in assumpsit, for money had and received, would have lain against him alone. *The Board of Commissioners of Gibson County* v. *Harrington*, ante, p. 260.